IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANNE BOSSARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-CV-209-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. #27). Plaintiff's counsel seeks approval of an attorney fee award of $16,000 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed she does not object to an additional fee award. (Dkt. #41-1). The Motion (Dkt. #27) is GRANTED as provided herein.

Plaintiff appealed the administrative denial of her application for Social Security benefits to this Court. The Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. (Dkt. #21). The Court granted Plaintiff's application for an award of $6,188.20 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. (Dkt. #26). The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff. On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits. The letter from the Social Security Administration that

1

was provided with the Motion reflects that the amount of past due benefits was $67,620.20 and of that amount 25% or $16,905.50 was withheld to pay attorney's fees.  (Dkt. #27-2, p. 3). Plaintiff now seeks, pursuant to Section 406(b), an attorney fee of $16,000.00.  The Commissioner declines to assert a position on the Motion, noting that he is not the true party in interest, citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002).   Defendant's Response (Dkt. #43).

A request brought under Fed. R. Civ. P. 60(b)(6) for fees under Section 406(b) must be brought within a reasonable amount of time from the Commissioner's award of benefits. *McGraw v. Barnhart*, 405 F.3d 493, 505 (10th Cir. 2006).  Here, the Notice of Award was issued on April 17, 2005, and the Motion was filed on February 21, 2006.  The Court has previously held that as a general rule a reasonable amount of time in which to file a Section 406(b) motion will be 90 days from the Notice of Award.  *Lowther v. Astrue*, Case No. 00-CV-833-PJC (N.D. Okla. Dkt. #39 November 13, 2007).  In the present case, however, counsel explained that they had not received notice from the Social Security Administration of the Notice of Award. Further, during the relevant time period of 2005 and 2006, the law in this district was not favorable to the filing of a Section 406(b) motion in the circumstances of the case at bar.  *See McGraw v. Barnhart*, 370 F. Supp. 2d 1141 (N.D. Okla. 2005), *rev'd* 450 F.3d 493 (10th Cir. 2006).  In these circumstances, the Court  finds that Plaintiff's Motion was filed within a reasonable amount of time.

In 2008, the Tenth Circuit reviewed the laws under which attorney fees can be paid to attorneys who represent claimants in social security disability cases.  *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 932-934 (10th Cir. 2008).  Attorneys who represent a claimant during administrative proceedings can submit a fee petition to the Commissioner of Social Security.  *Id.*

2

at 933 (citing 42 U.S.C. § 406(a)(1)). This agency-level fee is limited to the lesser of 25% of a past due benefit award or $5,300. *Wrenn*, 525 F.3d at 933. When a claimant appeals to court, the attorney representing the claimant can also be awarded fees, up to 25% of the past due benefit award, by the court. *Id.* The court must review a request for fees as an independent check that they are reasonable in a particular case. *Gisbrecht*, 535 U.S. at 807-08. A third provision for attorneys fees is that under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Tenth Circuit in *Wrenn* stated the following about EAJA fees:

> EAJA fees are assessed against the United States when its actions were not "substantially justified." In the Social Security context, EAJA fees are awarded to the prevailing part in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A). If both are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client[;] they cannot keep both.

*Wrenn*, 525 F.3d at 934 (citations omitted).

Pursuant to *Gisbrecht*, this Court must perform an independent check of the reasonableness of the requested fee of $16,000.00. *Gisbrecht*, 535 U.S. at 807-08. This amount is approximately 23.7% of Plaintiff's past-due benefit award. Plaintiff's attorneys spent 40.5 attorney hours and 3.2 paralegal hours on the court-level representation. Using just the attorney hours, the requested fee would be $395.00 per hour. While this amount is high, it is not a windfall that should be downwardly adjusted by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-contingent hourly fee would produce, but that is because contingency fee contracts have the risk that there will be no fee recovery, and the possibility of a higher recovery balances the risk of no recovery.

Plaintiff's Attorney's Motion for an Award of Attorney Fees (Dkt. #27) is hereby GRANTED as follows. The Court finds $16,000.00 is a reasonable attorney fee and is hereby awarded to Plaintiff's court-level attorneys. Upon receipt of payment, counsel is required to

refund to Plaintiff the smaller of the Section 406(b) fees or the EAJA fees.[1]

SO ORDERED this 16th day of January, 2009.

Paul J. Cleary
United States Magistrate Judge

---

[1] *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986); *see also Gisbrecht*, 535 U.S. at 796; *McGraw v. Barnhart*, 450 F.3d 493, 497-98 (10th Cir. 2006); *Wrenn*, 525 F.3d at 934. Plaintiff's court-level counsel requests the Court not only to award the $16,000 in attorney's fees, but also to authorize counsel to "offset the EAJA fees against the total 406b award and [to refund to the claimant] any excess amount." Plaintiff's Motion to Lift Stay and to Supplement Motion for Attorney Fees (Dkt. #46, p. 2). Defendant objects, citing to the different nature of EAJA fees and Section 406(b) fees. Defendant's Response (Dkt. #43, p.5). The Court is not aware of any authority or precedent for allowing counsel to offset EAJA fees in the manner requested, although the last sentence of the *Wrenn* case stated that on remand the district court was to "specify how the EAJA and court-level fees are to be apportioned between the client and her attorney." *Wrenn*, 525 F3d at 938. The Tenth Circuit gave no guidance in this one sentence as to how an apportionment was to be made and did not indicate that it was overruling the more than twenty-year precedent of *Weakley*, stating that counsel is required to refund the lesser award. Without a clear indication that the Tenth Circuit changed the law to authorize counsel to offset fees in social security disability cases, this Court declines to include such an authorization in this Order.

4